FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 02, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH ANDREW SALMON, JR., <br><br> Plaintiff, <br><br> v. <br><br> CEO LOUIS DEJOY, UNITED STATES POSTAL SERVICE, <br><br> Defendant. | No. 2:20-CV-00341-SAB <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On September 23, 2020, Plaintiff filed a *pro se* Complaint, ECF No. 1, and also an accompanying Application to Proceed *In Forma Pauperis*, ECF No. 3. Magistrate Judge Rodgers issued a Report and Recommendation to deny Plaintiff *in forma pauperis* status because Plaintiff did not qualify for indigent status. ECF No. 4. However, on October 1, 2020, the Clerk's Office received the full filing fee from Plaintiff.

## 28 U.S.C. § 1915(e)(2) Review

28 U.S.C. § 1915(e)(2)(B) states that a district court shall dismiss a case at any time, regardless of whether the filing fee has been paid, if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief may be granted. *See also Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."). The district court can screen the complaint prior the complaint being served on defendants. *Id.* A

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** # 1

plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

When reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, a court takes the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). On the other hand, mere legal conclusions, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri*, 901 F.2d at 699.

### Pleading Standards

Pursuant to the Federal Rules of Civil Procedure, a pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

As the U.S. Supreme Court instructs:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads fact that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft*, 556 U.S. at 679 (citations and quotations omitted).

//

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND # 2**

## Discussion

Plaintiff is suing U.S. Postmaster General Louis DeJoy because Defendant DeJoy ordered the closure of the Courthouse Station post office in Danville, Virginia without giving a 90-day notice, which he alleges is required by law. It appears that Plaintiff is also alleging a pattern or practice of unlawful conduct by the United States Postal Service in attempting to close this post office. Plaintiff is seeking $10 billion in damages.

Plaintiff has not identified a legal basis to seek the relief he is requesting. Though 39 U.S.C. § 404(d) and 39 C.F.R. § 241.3 state that the public must be given at least 60 days' notice of any proposed closure of a post office, Plaintiff fails to cite any provision of law that supports his standing to sue or the existence of a private right of action for violations of § 404(d) or § 241.3. *See Heartland, Inc. v. U.S. Postal Serv.*, No. CIV. 3:08CV00021, 2008 WL 1711406, at *2 (W.D. Va. Apr. 11, 2008) (denying the plaintiffs' request for a temporary restraining order to enjoin the United States Postal Service from closing operations at a post office in part due to failure to show standing or a private right of action).

Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Plaintiff's complaint for failure to state a claim.

## Leave to Amend

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Accordingly, Plaintiff may submit an amended complaint within **sixty (60) days** of the date of this Order which includes sufficient facts to establish federal subject-matter jurisdiction. Plaintiff's amended complaint shall consist of a **short** and **plain** statement showing he is entitled to relief. Furthermore, Plaintiff shall set forth his factual allegations in separate numbered paragraphs.

//

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** # 3

This amended complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Plaintiff shall present his complaint on the form provided by the court as required by LR 10.1(i), Local Rules for the Eastern District of Washington. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **IT MUST BE CLEARLY LABELED THE "FIRST AMENDED COMPLAINT" and the case number** No. 2:20-CV-00341-SAB **must be written in the caption.**

Further, Plaintiff **shall not** file any additional documents in response to the Court's Order to Show Cause, ECF No. 8.[1]

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint, ECF No. 1, is **DISMISSED with leave to amend**.

2. Within **60 days** from the date of this Order, Plaintiff shall file a First Amended Complaint. **If Plaintiff fails to comply with this order, the action will be dismissed.** Plaintiff **shall not** file any documents with the Court other than his First Amended Complaint.

//
//
//
//
//
//
//

---

[1] The term "failure to prosecute" refers to Plaintiff's failure to serve his Complaint on Defendant. But because the Court is dismissing Plaintiff's Complaint and will once again have to screen Plaintiff's First Amended Complaint for legal sufficiency, service of the complaint on Defendant is not appropriate at this time.

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** # 4

3.  The District Court Clerk is directed to enter a case management deadline.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order and provide a copy to *pro se* Plaintiff.

**DATED** this 2nd day of June 2021.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND # 5**